UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIDNEY A POTTS,<br><br>          Petitioner,<br><br>     v.<br><br>STEVE SINCLAIR,<br><br>          Respondent. | CASE NO. C14-5505 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>AUGUST 29, 2014 |

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    The Court entered an order directing petitioner to show cause why this petition should not be dismissed as unexhausted (Dkt. 7). Petitioner has responded (Dkt. 8). After review of the response, the Court recommends dismissing this petition. Petitioner did not present his claim to either the Washington State Court of Appeals or the Washington State Supreme Court. Although

REPORT AND RECOMMENDATION- 1

1  petitioner filed a request in the Superior Court to certify the issue, this is simply not sufficient to
2  exhaust the claim.

3                                               FACTS

4       The Cowlitz County Superior Court convicted petitioner of multiple counts of delivery of
5  methamphetamine and one count of leading organized crime (Dkt. 1, p. 1).  Petitioner's first trial
6  ended in a mistrial (Dkt. 1, p. 17).  Petitioner's second trial resulted in the convictions (Dkt. 1, p.
7  1).

8       Before petitioner's retrial, petitioner filed a motion to dismiss the action (Dkt. 8, p. 1).
9  Petitioner filed this motion in the Superior Court (Dkt. 1, p. 31).  Petitioner alleged double
10 jeopardy violations (*id.*).  After the Superior Court denied petitioner's motion, petitioner
11 requested a "Motion Requesting Certification and Referal [sic]."  (Dkt. 1, p.59).  The Superior
12 Court denied petitioner's request.  Petitioner then filed a writ of habeas corpus in state court at
13 the Superior Court level requesting referral to the Washington State Supreme Court (Dkt. 1, p.
14 63).  Petitioner argues that pursuant to RCW 7.36.140, the Washington State Supreme Court was
15 required to consider his petition (Dkt. 8, p. 2).

16      According to petitioner, the Superior Court held the petition until after petitioner's
17 criminal trial was over and then "summarily dismissed the petition" (Dkt. 8, p. 2).  Petitioner
18 argues that because he filed a motion for a certificate to send his petition to the Washington State
19 Court of Appeals and because he filed a petition of habeas corpus in state court requesting
20 referral to the Washington State Supreme Court, that he has exhausted his claim (Dkt. 8, p. 3).
21 At the time petitioner filed this federal habeas corpus petition, he had just filed the notice of
22 appeal from his conviction and had yet to file an opening brief (Dkt. 1, p. 2).
23 //
24

## DISCUSSION

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the Court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must present the claims to the state's highest court, even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USCA § 2254(c). Here, petitioner had the

REPORT AND RECOMMENDATION- 3

ability to raise his issue on direct appeal and through the filing of a personal restraint petition. Thus, petitioner has not exhausted his claims. Further, neither the Washington State Court of Appeals nor the Washington State Supreme Court has ever issued any order regarding petitioner's case as neither court ever had the claim before it.

Petitioner must present the claims to the state's highest court based on the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Schiers v. California*, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the state trial court improperly admitted evidence because petitioner never presented such a claim to the state court). Specifically, petitioner must apprise the state court that an alleged error is not only a violation of state law, but a violation of the Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trial are not enough. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) (petitioner's statement that the state court's cumulative errors denied him a fair trial was insufficient to specifically articulate a violation of a federal constitutional guarantee); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle petitioner to relief. *Gray v. Netherland*, 518 U.S. at 162-163. Petitioner did not do so here. The Court recommends dismissal of this petition without prejudice so that petitioner may return to state court and exhaust his claims.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

1  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

2  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4  August 29, 2014, as noted in the caption.

5         Dated this 30th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5